```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Robert Iannucci,

                    Plaintiff,             CV-02-6135 (CPS)

    - against -                            MEMORANDUM OPINION
                                           AND ORDER
City of New York,

                    Defendant.

----------------------------------------X
```

SIFTON, Senior Judge.

Plaintiff Robert Iannucci brings this action for damages against the City of New York under 42 U.S.C. § 1983, alleging deprivation of his rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution. Plaintiff alleges the City of New York (the "City") failed to prevent police vehicles and vehicles belonging to police officers from parking on the curbs and sidewalks in front of his properties and driveways leading to them, causing damage and depriving him of their use. Presently before the court are defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment, both brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. Alternatively, in the event that both motions are denied, plaintiff moves to strike the defendant's answers for failure to comply with discovery demands. For the following reasons, defendant's motion for summary

judgment is denied, and plaintiff's cross-motions are denied.

## BACKGROUND

The following facts are drawn from the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted in connection with this motion. The facts are undisputed unless otherwise noted.

Plaintiff is the owner of several buildings located near the 84th Police Precinct and the Police Academy in Brooklyn, New York. (Iannucci Aff. ¶ 5). In 1982 and 1983, plaintiff purchased 309 Gold Street, 171 Johnson Street, and 311-313-315 Gold Street in Brooklyn. On November 20, 2002, plaintiff purchased 325 Gold Street, a ten story commercial building, and on November 20, 2003, plaintiff purchased 173-175 Johnson Street. (Iannucci Aff. ¶ 5). During the entire time plaintiff has owned these properties, official New York Police Department vehicles and private vehicles with New York City parking placards (collectively "City vehicles") have parked and double-parked illegally on the curbs, sidewalks and streets abutting plaintiff's properties on a daily basis. Although City vehicles do not encroach onto plaintiff's property, they prevent access to them. (Iannucci Aff. ¶ 11). The ability of plaintiff and his tenants to enter and exit plaintiff's buildings has been restricted. (Iannucci Aff. ¶ 11).

Plaintiff's properties are located within the "self-

enforcement" zone of the 84th Precinct, which means that the police in that precinct are responsible for enforcing traffic and parking laws in that area. (Accardi Dep. at 14-15; Sferrazza Dep. 13-14). Approximately 270 officers are assigned to the 84th Precinct. (Sferrazza Dep. at 7). Sergeant Edward Accardi of the 84th Precinct, who served as the precinct's Traffic Safety Supervisor, testified at his deposition that although there was no official policy within the 84th Precinct with regard to the enforcement of parking and traffic regulations in the area, efforts were made by Sergeant Accardi and other precinct commanders to curb illegal parking by City vehicles, including routine ticketing, writing of summonses, and towing of the illegally-parked vehicles. (Accardi Dep. at 18-20, 40-41). Although Sergeant Accardi "felt [they] got compliance with members of the 84th," he acknowledged that illegal parking continued to be a frequent problem. (Accardi Dep. at 36-44). The police department does not have parking facilities for City vehicles apart from a fenced lot located on the north side of Tillary Street, which accommodates approximately fifty cars. (Accardi Dep. 17, 44; Sferrazza Dep. at 7).

The illegal parking has caused damage to the curbs and sidewalks near plaintiff's properties, requiring significant repair. On one occasion, the City of New York assessed plaintiff for the repair of the sidewalks adjacent to his property in the

amount of $50,000. (Iannucci Aff. ¶ 16). Plaintiff has complained repeatedly to City and police authorities, both in person and in writing, over the past twenty years. (Iannucci Aff. ¶ 13; Pl. Ex. K). Plaintiff made several in-person complaints to Sergeant Accardi and Captain Sferrazza. (Ianucci Aff. ¶ 13; Sferrazza Dep. at 17). Despite his complaints, City vehicles continue to park illegally on the curbs and sidewalks abutting plaintiff's properties blocking driveways to plaintiff's properties.

In November 2002, plaintiff commenced this Section 1983 action against the City seeking monetary damages and attorney's fees for the violation of his procedural and substantive due process rights. The City initially moved for judgment on the pleadings dismissing the complaint, arguing that: (1) the complaint failed to state a claim upon which relief can be granted; (2) the action was barred by prescription; (3) the action was untimely; and (4) the action was barred by the doctrine of laches. On October 16, 2003, I denied the motion in an oral opinion. On October 27, 2003, the City moved for reconsideration of that decision, which I denied in a Memorandum and Order dated March 16, 2004.

Presently before the court are defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure and to strike the defendant's answer for failure to comply with discovery demands.

## DISCUSSION

<u>Summary Judgment Standard</u>

A motion for summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp v. Catrett,* 477 U.S. 317 (1986). A motion for summary judgment may be defeated by the nonmoving party if that party produces facts establishing that there is a material issue of fact for trial. *See Montana v. First Federal Sav. & Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989). The role of the court is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Knight v. United States Fire Ins. Co.,* 804 F.2d 6, 11 (2d Cir.1986). The "court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor." *L.B. Foster Co. V. American Piles, Inc.,* 138 F.3d 81, 87 (2d Cir.1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where both sides move for summary judgment, a court is not required to grant judgment as a matter of law for one side or

the other. *Schwabenbauser v. Bd. of Educ. of Olean,* 667 F.2d 305, 313 (2d Cir.1981). Instead, it must evaluate "each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration. *Id.* at 314.

## Defendant's Motion

Plaintiff brings claims under 42 U.S.C. § 1983[1] alleging violations of his procedural and substantive due process rights under the Fourteenth Amendment. The Fourteenth Amendment provides that "[n]o State shall...deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. To prevail on a procedural or substantive due process claim, the plaintiff must first demonstrate that he had a constitutionally "protected property interest" established through "some independent source such as state law." *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). "The hallmark of property, the [Supreme] Court has emphasized, is an individual entitlement grounded in state law, which cannot be removed except for cause" *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430

---

[1] Section 1983 of 42 U.S.C. provides, in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

(1982); *see also Board of Curators of University of Missouri v. Horowitz,* 435 U.S. 78, 82 ("[P]roperty interests are creatures of state law."). The nature of plaintiff's property interest here must be determined under New York law.

Defendant City argues that it is entitled to summary judgment based on the affirmative defense of prescription. The City argues that because plaintiff "permitted" the parking activities to continue for more than ten years without seeking legal redress, any protected property interest possessed by plaintiff expired by prescription. (Def. Memo, at 2; Def. Reply Memo at 2).

Defendant has made the argument of prescription twice before, once in its motion for judgment on the pleadings which I denied in an oral opinion on October 16, 2003, and again in its motion for reconsideration, which I denied by Memorandum and Order dated March 16, 2004. While defendant previously asserted the existence of an easement by prescription, the defendant now argues that because it is not disputed that the adverse use was open, notorious, and continuous since 1983, the defendant acquired a prescriptive right to maintain a nuisance.

While under New York law, "the right to maintain an action for a public nuisance continues as long as the nuisance exists; no one can obtain a prescriptive right to maintain a public nuisance," *State v. Schenectady Chemicals, Inc.,* 117

Misc.2d 960, 967 (N.Y.Sup. 1983)(*citing* N.Y. Prac., §107:43), in certain circumstances, New York recognizes a prescriptive right to maintain a private nuisance. See, e.g., *Jones v. Breyer Ice Cream Co.,* 1 A.D.2d 253, 254 (1956); *Sova v. Glasier*, 192 A.D.2d 1069, 1070 (1993).

Defendant relies primarily on the holding of the Appellate Division, Fourth Department in *Sova v. Glassier,* 192 A.D.2d 1069 (1993). In *Sova,* a plaintiff brought nuisance and trespass claims against the owners of an adjoining garage with an overhanging eave that caused storm water to drain and collect on the plaintiff's property. The *Sova* court held that the "timeliness of plaintiff's trespass and nuisance claims is defined in terms of the prescriptive period...[which] generally is 10 years...Plaintiff may bring an action for damages within that period, but thereafter such a claim is time-barred and a prescriptive easement arises in favor of the defendant." *Id.* Relying on *Sova,* the City argues that in this case, the passage of the 10-year prescriptive period bars plaintiff's claim for damages. However, defendant does not offer evidence or argument why defendant's actions should be viewed as constituting a private nuisance rather than a public nuisance.

Plaintiff responds that defendant's argument is flawed because the action is not predicated on nuisance; rather, it is a § 1983 claim, so that defendant cannot raise the defense of

prescription. Plaintiff further argues that the case law cited by defendants concerns encroachment upon another's property, whereas the current case involves blocking access to plaintiff's property.

I need not address the bulk of the parties' arguments because I conclude that defendant City could not have acquired a prescriptive right to continue the illegal parking. Under New York law, the obstruction of sidewalks or public streets constitutes a public nuisance. *See O'Neill v. City of Port Jervis*, 253 N.Y. 423, 428 (1930) (stating that "[t]he primary purpose of streets is use by the public for travel and transportation, and the general rule is that any obstruction of a street or encroachment thereon which interferes with such use is a public nuisance" and holding the same applies to sidewalks); *Graceland Corp. v. Consolidated Laundries Corp.*, 7 A.D.2d 89, 90-91 (1958) (stating, "[t]he obstruction of a public street or sidewalk beyond the reasonable uses permitted to abutting owners is a public nuisance" and holding that "reasonable uses" included standing trucks on the sidewalk while loading and unloading and not "park[ing]" or "stor[ing]" vehicles on the sidewalk). Defendant City's illegal parking, assuming for purposes of this motion that it restricts access to the sidewalks by the public and restricts access to the street by plaintiff and plaintiff's tenants, must be deemed a public nuisance to which no

prescriptive right of maintenance can attach. Accordingly, defendant City's defense fails, and its motion for summary judgment must be denied.

### Plaintiff's Cross-Motion

Plaintiff also argues that he is entitled to summary judgment. In order to prevail on his Section 1983 claim, plaintiff must demonstrate (1) that the defendant acted under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or law of the United States. *See Annis v. County of Westchester,* 136 F.3d 239,245 (2d Cir. 1998).

In addition, when asserting such a claim against a municipality, the plaintiff must prove that the deprivation of a constitutional right resulted from "a policy state, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monnell v. Dept. of Social Services,* 436 U.S. 658, 690 (1978). This principle encompasses any action taken pursuant to municipal policy, including "governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* at 690-91. A "custom may fairly subject a municipality to liability on the theory that the relevant practice is widespread as to have the force of law." *Board of the County Commissioner of Brian County, Oklahoma v. Brown,* 520 U.S. 397, 404 (1997). A

municipality may be found liable under § 1983 on the basis of a policy of deliberate indifference to the constitutional rights of persons within its domain. *Fiacco v. City of Renssalaer, N.Y.*, 783 F.2d 319, 326, *cert. denied*, 480 U.S. 922 (1987).

Defendant argues that plaintiff's motion for summary judgment should be denied because an issue of fact exists as to whether there was a municipal custom or policy to permit illegal parking. (*See* Def. Reply Memo at 5). Defendant cites the deposition testimony of Sergeant Accardi, Traffic Supervisor for the precinct, as to the efforts made by the 84th precinct to enforce parking regulations in the area around the precinct. (Accardi Dep. at 10). Sergeant Accardi testified that in response to complaints made about illegal parking in the area, he and other officers with traffic supervisory duties would "go out, and take a look it and write summons," and would have the illegally parked cars "moved" and "towed." Accardi testified that the precinct commanders "went out and did enforcement or at least tried to move the cars, there was summons involved and some towing involved." (Accardi Dep. at 41). Accardi testified that in order to compel officer compliance, he and other supervisors would routinely address the issue of illegal parking at "roll calls" and would discipline officers for "repeated offenses." (Accardi Dep. at 42). Commander Sferrazza, the supervising officer for the 84th Precinct, testified at his deposition that

he gave verbal guidance to officers regarding the parking situation at biweekly supervisory meetings. He routinely instructed the "desk officer to ensure parking outside is clear." (Sferrazza Dep. at 22). Clearly defendant has presented sufficient evidence to raise an issue of fact as to whether there was a municipal policy or custom of illegal parking. *See Amnesty America v. Town of West Hartford,* 361 F.3d 113, 118 (2d Cir.2004).

## Motion to Strike Answers

Plaintiff also moves to strike defendant's answers for failure to comply with discovery demands. (Port Aff. ¶ 20). Plaintiff contends that defendant refused to respond to plaintiff's request for interrogatories dated December 2, 2004. Plaintiff states that he intended to raise the issue before the Magistrate Judge, but that the present motion arose before the next scheduled court date before the Magistrate. Defendant responds that the issue is best raised before the Magistrate Judge. Defendant asserts that the plaintiff failed to comply with Federal Rule of Civil Procedure 37(d), which requires a moving party to certify that he has "attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action." Fed. R. Civ. P. 37(d). Defendant also contends that plaintiff has failed to comply with discovery demands on several occasions. (Kapp Dec. ¶¶ 16-17).

Plaintiff's request to strike defendant's answer is denied, since by his own admission he has failed to utilize the Magistrate Judge's conference to raise these discovery issues without the need for a formal motion.

**CONCLUSION**

For the reasons set forth above, both defendant's motion for summary judgment and plaintiff's cross-motions are denied.

The clerk is directed to furnish a filed copy of the within to all parties and to the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          January 3, 2006

                By: /s/ Charles P. Sifton (electronically signed)
                    United States District Judge