```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

Robert Iannucci,

               Plaintiff,              CV-02-6135 (CPS)

  - against -                       MEMORANDUM OPINION
                                          AND ORDER

City of New York,

               Defendant.

```
----------------------------------------X
```

SIFTON, Senior Judge.

     Plaintiff Robert Iannucci brings this action for damages against the City of New York under 42 U.S.C. § 1983, alleging deprivation of his rights to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution. Plaintiff alleges the City of New York (the "City") failed to prevent police vehicles and vehicles belonging to police officers from parking on the curbs and sidewalks in front of his properties and driveways leading to them, causing damage and depriving him of their use. On January 3, 2006, I denied defendant's motion for summary judgment. Presently before the Court is defendant's motion for reconsideration of that decision pursuant to Local Civil Rule 6.3. For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

The following facts are drawn from the parties' submissions in connection with this motion. The facts are undisputed unless otherwise noted.

Plaintiff is the owner of several buildings located near the 84th Police Precinct and the Police Academy in Brooklyn, New York. (Iannucci Aff. ¶ 5). In 1982 and 1983, plaintiff purchased 309 Gold Street, 171 Johnson Street, and 311-313-315 Gold Street in Brooklyn. On November 20, 2002, plaintiff purchased 325 Gold Street, a ten story commercial building, and on November 20, 2003, plaintiff purchased 173-175 Johnson Street. (Iannucci Aff. ¶ 5). During the entire time plaintiff has owned these properties, official New York Police Department vehicles and private vehicles with New York City parking placards (collectively "City vehicles") have parked and double-parked illegally on the curbs, sidewalks and streets abutting plaintiff's properties on a daily basis. Although City vehicles do not encroach onto plaintiff's property, they prevent access to them. (Iannucci Aff. ¶ 11). The ability of plaintiff and his tenants to enter and exit plaintiff's buildings has been restricted. (Iannucci Aff. ¶ 11).

Plaintiff's properties are located within the "self-enforcement" zone of the 84th Precinct, which means that the police in that precinct are responsible for enforcing traffic and

parking laws in that area. (Accardi Dep. at 14-15; Sferrazza Dep. 13-14). Approximately 270 officers are assigned to the 84th Precinct. (Sferrazza Dep. at 7). Sergeant Edward Accardi of the 84th Precinct, who served as the precinct's Traffic Safety Supervisor, testified at his deposition that although there was no official policy within the 84th Precinct with regard to the enforcement of parking and traffic regulations in the area, efforts were made by Sergeant Accardi and other precinct commanders to curb illegal parking by City vehicles, including routine ticketing, writing of summonses, and towing of the illegally-parked vehicles. (Accardi Dep. at 18-20, 40-41). Although Sergeant Accardi "felt [they] got compliance with members of the 84th," he acknowledged that illegal parking continued to be a frequent problem. (Accardi Dep. at 36-44). The police department does not have parking facilities for City vehicles apart from a fenced lot located on the north side of Tillary Street, which accommodates approximately fifty cars. (Accardi Dep. 17, 44; Sferrazza Dep. at 7).

The illegal parking has caused damage to the curbs and sidewalks near plaintiff's properties, requiring significant repair. On one occasion, the City of New York assessed plaintiff for the repair of the sidewalks adjacent to his property in the amount of $50,000. (Iannucci Aff. ¶ 16). Plaintiff has complained repeatedly to City and police authorities, both in person and in

writing, over the past twenty years. (Iannucci Aff. ¶ 13; Pl. Ex. K). Plaintiff made several in-person complaints to Sergeant Accardi and Captain Sferrazza. (Ianucci Aff. ¶ 13; Sferrazza Dep. at 17). Despite his complaints, City vehicles continue to park illegally on the curbs and sidewalks abutting plaintiff's properties blocking driveways to plaintiff's properties.

In November 2002, plaintiff commenced this Section 1983 action against the City seeking monetary damages and attorney's fees for the violation of his procedural and substantive due process rights. The City initially moved for judgment on the pleadings dismissing the complaint, arguing that: (1) the complaint failed to state a claim upon which relief can be granted; (2) the action was barred because defendant had acquired a prescriptive easement; (3) the action was untimely; and (4) the action was barred by the doctrine of laches. On October 16, 2003, I denied the motion in an oral opinion. On October 27, 2003, the City moved for reconsideration of that decision, which I denied in a Memorandum Opinion and Order dated March 16, 2004.

The City subsequently moved for summary judgment, this time arguing that the action was barred because the City had acquired a prescriptive right to maintain a nuisance, and plaintiff filed a cross-motion for summary judgment. By written Memorandum Opinion and Order, I denied both motions on January 3, 2006. I held, *inter alia*, that the City's defense failed because its

actions constituted a public nuisance, and while one can acquire a prescriptive right to maintain a private nuisance, under New York law, no prescriptive right to maintain a public nuisance can be acquired.

Presently before the Court is defendant's motion for reconsideration of my decision denying its motion for summary judgment pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. For the reasons stated below, the motion is denied.

**DISCUSSION**

Standard for Motion for Reconsideration

A motion for reconsideration pursuant to Local Rule 6.3 will be granted if the moving party presents factual matters or controlling decisions the court overlooked that might materially have influenced its decision. *Pereira v. Aetna Casualty and Surety Co. (In re Payroll Express Corp.)*, 921 F.Supp. 1121, 1123 (S.D.N.Y.1996); *Violette v. Armonk Assocs., L.P.*, 823 F.Supp. 224, 226 (S.D.N.Y.1993). Reconsideration is also appropriate in light of an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir.1983); *Casino, LLC v. M/V Royal Empress*, 1998 WL 566772, at *1 (E.D.N.Y.1998). Local Rule 6.3 is to be narrowly construed and strictly applied so as

to avoid repetitive arguments on issues that have been fully considered by the court. *See Caleb & Co. v. E.I. Du Pont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985). In deciding a Local Rule 6.3 motion, the court will not allow a party to use the motion as a substitute for appealing from a final judgment. *See Morser v. A.T. & T. Information Systems*, 715 F.Supp. 516, 517 (S.D.N.Y.1989); *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y.1986). Therefore, a party in its motion for reconsideration "may not advance new facts, issues or arguments not previously presented to the court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 1989 WL 162315, at *3 (S.D.N.Y.1989).

### Defendant's Motion for Reconsideration

Defendant moves this Court for reconsideration of its January 3, 2006 Memorandum Opinion and Order denying defendant's motion for summary judgment. In its motion for summary judgment, defendant argued that it was entitled to judgment as a matter of law because it had acquired a prescriptive right to maintain a nuisance. In denying the motion for summary judgment, this Court, *sua sponte*, made the distinction between a private nuisance and a public nuisance and held that defendant's actions constituted a public nuisance. I further held, without deciding whether a defense of prescription could be properly raised against a § 1983 claim, that because no prescriptive right to maintain a public

nuisance can attach under New York law, defendant's defense fails as a matter of law. Accordingly, I denied defendant's motion for summary judgment.

Defendant now moves for reconsideration of that decision on three grounds: (1) defendant argues that if the conduct constitutes a public nuisance, plaintiff, a private individual, cannot maintain a right of action for the public nuisance; (2) defendant argues that the nuisance is a private nuisance rather than a public nuisance, and defendant has acquired a prescriptive right to maintain that private nuisance; and (3) defendant argues that even if this Court finds that the conduct constitutes a public nuisance and that plaintiff has a private right of action against the public nuisance, a prescriptive right to maintain a public nuisance can attach as against private individuals.

In response, plaintiff does not address the substantive issues raised by defendants. Instead, plaintiff contends only that defendant is rearguing matters already briefed by the parties in three prior motions; thus, this Court should dismiss defendant's motion without considering its merits. I find that the questions raised in the current motion were not previously addressed by the parties or by this Court, especially in light of the fact that the distinction between public and private nuisances was raised *sua sponte* by this Court in ruling on the

previous motion. Accordingly, I address the merits of defendant's motion.

**Private Right of Action for a Public Nuisance**

Defendant first argues that plaintiff, a private individual, cannot maintain a right of action against a public nuisance. I note, as a preliminary matter, that plaintiff has not claimed a right of action for a public nuisance; rather, plaintiff has brought his claim pursuant to § 1983.[1] In any event, for the reasons stated below, I hold that defendant's argument lacks merit.

As defendant correctly asserts, "[a] public nuisance is actionable by a private person only if it is shown that the person suffered special injury beyond that suffered by the community at large." *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Center, Inc.*, 96 N.Y.2d 280, 292 (2001). "As a result, where the claimed injury is common to the entire community, a private right of action is barred." *Wheeler v. Lebanon Valley Auto Racing Corp.*, 303 A.D.2d 791, 793 (N.Y.App.Div.2003) (internal quotations omitted). Plaintiff's injury must be "special and different in kind, not merely in degree...." *532 Madison Ave. Gourmet Foods*, 96 N.Y.2d at 294. "This principle recognizes the necessity of guarding against the multiplicity of

---

[1] Of course, in considering whether there has been a deprivation of property, it is appropriate to consider whether plaintiff has a protected property interest and a right of action to protect that interest.

lawsuits that would follow if everyone were permitted to seek redress for a wrong common to the public." *Id*. at 292 (internal citations omitted). Pecuniary injury may constitute harm different in kind so long as it is not common to an entire community. *Id.*; *Burns Jackson Miller Summit & Spitzer v. Lindner*, 59 N.Y.2d 314 (1983); Leo v. General Electric Co., 145 A.D.2d 291 (N.Y.App.Div.1989); *Farmer v. D'Agostino Supermarkets, Inc.*, 144 Misc.2d 631 (N.Y.Sup.Ct.1989); 81 N.Y.Jur.2d, Nuisances, § 58; Restatement (Second) of Torts § 821C cmt. h.

Here, plaintiff has clearly alleged a harm different in kind and greater in degree than those suffered by the community at large. In the set of responses to interrogatories defendant attached as Exhibit A to its own motion for reconsideration, plaintiff states that the harm he suffers, in addition to the harms also suffered by the rest of the community, include:

> Impaired egress and ingress to the Properties, impaired rentability, loss of legitimate parking spots, reduced rental income on the Properties. The cars also block access to pedestrian traffic, as well as block access to the buildings for deliveries. Further, the appearance of the vehicles double and triple parked, as well as parking on the sidewalks, create an unsightly appearance that further detracts from the marketability of the buildings.

Furthermore, "the cars block Plaintiff's parking garages and lots." While the entire community is injured in that its access to public streets and sidewalks is restricted due to defendants' illegal parking, plaintiff has sustained "special injuries" in that his driveways and parking lots are blocked and the value of

his properties has decreased as a result of the parking. *See, e.g., Booth v. Hanson Aggregates New York, Inc.*, 16 A.D.3d 1137, 1138 (N.Y.2005) (holding that plaintiffs had a cause of action against public nuisance because, "they have sustained a loss of their water supply that is not suffered by everyone in the community" and another plaintiff had a cause of action because she sustained "damages for the decrease in the value of her property because of defendant's alleged conduct"). Accordingly, I find that plaintiff may maintain a private right of action against the public nuisance created by defendant's actions.

**Public Nuisance vs. Private Nuisance**

Defendant also argues that defendant's conduct amounts to a private nuisance, and any right of action for a private nuisance is barred by prescription. Defendant cites only one case in support of this proposition, *Decker v. Goddard*, 233 A.D. 139, (N.Y.1931), which held that the defendant's practice of parking his vehicle in front of plaintiff's house for several hours per day constituted a private nuisance to plaintiff in that it limited "access to his residence, [access to] light and air, and the privilege of making observations, without unlawful obstruction, as to what was happening in the street." *Id*. at 140. Defendant argues that its conduct in the present case should similarly be deemed a private nuisance. However, the conduct in *Decker* did not obviously affect any other person in the

community. The defendant was not blocking streets or sidewalks, nor were his actions in violation of any parking ordinance, as is the case in the present action. As I previously held in my January 3, 2006 opinion, defendant's actions constitute a public nuisance because "[t]he primary purpose of streets is use by the public for travel and transportation, and the general rule is that any obstruction of a street or encroachment thereon which interferes with such use is a public nuisance." *O'Neill v. City of Port Jervis*, 253 N.Y. 423, 428 (1930) (holding the same applies to sidewalks); *see also Graceland Corp. v. Consolidated Laundries Corp.*, 7 A.D.2d 89, 90-91 (N.Y.1958) (stating, "[t]he obstruction of a public street or sidewalk beyond the reasonable uses permitted to abutting owners is a public nuisance" and holding that "reasonable uses" included standing trucks on the sidewalk while loading and unloading and not "park[ing]" or "stor[ing]" vehicles on the sidewalk). Defendant's actions thus constitute a public nuisance and, as described above, plaintiff has suffered a sufficiently special injury to be able to sustain a private right of action against the public nuisance.

**Prescriptive Right to Maintain a Public Nuisance as against Private Individuals**

Finally, defendant argues that even if this Court finds that defendant's actions constitute a public nuisance against which plaintiff has a private right of action, defendant has acquired a

prescriptive right to maintain that nuisance. Defendant argues that although one cannot generally acquire a prescriptive right to maintain a public nuisance, one can acquire such a right as against private individuals under New York law.

In support of this proposition, defendant cites two cases: a 1901 case from the Supreme Court of Wisconsin, and a 1915 case from the Supreme Court of Michigan. *Charnley v. Shawano Water-Power & River-Improvement Co.*, 85 N.W. 507, 509 (Wis.1901) (stating, "[t]he fact, however, that a public nuisance cannot be legitimated as against the public, by the mere lapse of time, does not justify the conclusion argued for, that no prescriptive right can be obtained as against individuals"); *Felton v. Wedthoff*, 185 Mich. 72, 82 (1915) (stating, "[e]ven if the occupancy of the streets constituted a public nuisance, such occupancy would support an acquisition of prescriptive rights against individual abutting property owners"). These cases from different states do not support an argument that this is the law in New York. Even a cursory review of the New York cases reveals that this is not the law in this state. *See, e.g., Bremer v. Manhattan Ry. Co.*, 191 N.Y. 333, 341 (1908) (holding that "[defendants' conduct] was therefore a public nuisance, and prescription could not justify it even as against a private person"); *Mills v. Hall & Richards*, 9 Wend. 315 (N.Y.Sup.Ct.1832) (stating "[t]here is no such thing as a prescriptive right or any

other right to maintain a public nuisance" and the existence of defendants' dam for over 20 years "can be no defence to a proceeding on the part of the public to abate it, or to an action by any individual for the special and peculiar injury which he may have suffered from it"); *Weeks-Thorn Paper Co. v. Glenside Woolen Mills*, 118 N.Y.S. 1027, 1032 (N.Y.Sup.Ct.1909)(finding no prescriptive right to maintain "nuisances which are public and which at the same time cause special damage to private individuals"); *Van Cortlandt v. New York Cent. R. Co.*, 265 N.Y. 249, 262 (1934) (stating, "this lapse of [40 years'] time may not preclude the plaintiffs from maintaining an action to enjoin the continuance of a public nuisance when they are suffering special and peculiar damage different from the public generally"); *Jones v. Breyer Ice Cream Co.*, 1 A.D.2d 253, 255 (N.Y.1956)(stating, "'[a] prescriptive right may be acquired, as against the rights of a private individual, to pollute the waters of a stream to a greater extent than is permissible of common right. But if the use of a stream by the upper proprietor is such as to constitute a public nuisance, or if the use is unlawful or forbidden by statute, no prescriptive right can be acquired even as against lower proprietors on the stream'") (*quoting* 2 Farnham on Waters and Water Rights, § 521).

Defendant's defense of prescription therefore fails as a matter of law. Accordingly, defendant's motion for reconsideration is denied.

**CONCLUSION**

For the reasons set forth above, defendant's motion for reconsideration is denied.

The clerk is directed to transmit a copy of the within to all parties and to the Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          April 19, 2006

               By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                   United States District Judge