```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
Robert Iannucci,

                Plaintiff,          CV-02-6135
                                    (CPS)(KAM)

   - against -                      MEMORANDUM OPINION
                                    AND ORDER
City of New York,

                Defendant.
-----------------------------------------X
```

SIFTON, Senior Judge.

Plaintiff Robert Iannucci ("Iannucci") commenced this action against defendant City of New York ("City") to recover damages for the City's alleged failure to prevent New York City police officers from parking their vehicles on sidewalks, curbs, and driveways on or adjacent to plaintiff's properties, causing damage and depriving plaintiff of the use of his property. Pursuant to 42 U.S.C. § 1983, plaintiff alleges that the City violated his procedural and substantive due process rights under the Fourteenth Amendment. Presently before the Court is plaintiff's motion for a preliminary injunction enjoining the City from permitting illegal parking that blocks access to his property. Based on the findings of fact and conclusions of law that follow, plaintiff's motion is denied.

## Background

The following findings of fact are drawn from the parties' submissions in connection with plaintiff's underlying motion for

summary judgment. There are no relevant factual disputes between the parties requiring an evidentiary hearing. *See Davis v. New York City Housing Authority*, 166 F.3d 432, 437-38 (2d Cir. 1999).

Plaintiff has been the owner of several buildings located near the 84th Police Precinct of the Police Department of the City of New York ("84th Precinct") and the Police Academy in Brooklyn, New York (the "Academy"). Affidavit of Robert T. Iannucci ("Iannucci Aff.") ¶¶ 4-5. Approximately 250 officers are assigned to the 84th Precinct. Deposition of Phillip Sferrazza ("Sferrazza Dep.") at 7, Plaintiff's Exhibit ("Pl. Exh.") B; Defendant's Exhibit ("Def. Exh.") I.

In 1982, plaintiff purchased properties located at 309 Gold Street, 171 Johnson Street, and 311-315 Gold Street. Iannucci Aff. ¶ 4. In 2002, he purchased 325 Gold Street and in 2003 he purchased 173-175 Johnson Street. *Id*. In 2005, plaintiff sold all of the properties except for 325 Gold Street. *Id.*

The area immediately surrounding the 84th Precinct, which includes plaintiff's properties, constitute a "self-enforcement" zone, which means that the officers in the 84th Precinct, rather than New York City Police Department traffic agents, are responsible for enforcing traffic and parking laws. Deposition of John Valles ("Valles Dep."), at 6, Pl. Exh. G; Def. Exh. L. The precinct has the discretion to determine which rules to enforce and how to enforce them. Valles Dep. at 9.

During the time period that plaintiff has owned these properties, official New York Police Department vehicles and private vehicles with New York City parking placards (collectively "City vehicles") have parked, double-parked, and triple-parked illegally on the curbs, sidewalks and streets abutting plaintiff's properties on a daily basis. Iannucci Aff. ¶¶ 2, 7; Pl. Exh. O,P; Accardi Dep. at 18-19. Plaintiff states that the illegally parked City vehicles prevent access to his properties, restricting the ability of plaintiff and his tenants to enter and exit his buildings. Iannucci Aff. ¶¶ 7,10.

Plaintiff has complained many times to the City and the 84th Precinct, both in person and in writing, over the past twenty-five years. Iannucci Aff. ¶ 18; Iannucci's Letters, Pl. Ex. I-N; Sferrazza Dep. at 18; Declaration of Jeremiah Quinlan ("Quinlan Decl.") ¶ 3.

The City has addressed the parking situation by instructing officers not to park illegally, ordering officers to move their illegally parked cars, noting violations and issuing warnings through the internal disciplinary system, and posting signs at the Academy. *See* Quinlan Decl. ¶¶ 3-4; Accardi Dep.; Declaration of Joseph McGrann ¶ 3; Sferrazza Dep.; 2005 Command Disciplines, Defendant's Exhibit ("Def. Exh.") A; 1999-2006 Minor Violations Log, Def. Exh. B; Operations Orders and FINAST Messages from May 16, 1996 to February 28, 2008, Def. Exh. C; Notices Posted and

Memorandum Issued, Def. Exh. D; Declaration of Anthony Corollo ("Corollo Decl.") ¶¶ 3-7.

According to plaintiff, the illegal parking has caused damage to the curbs and sidewalks near plaintiff's properties, requiring repair. Iannucci Aff. ¶ 7. In September 1995, the City of New York assessed plaintiff for the repair of the sidewalks adjacent to his property in the amount of $61,653.56, which he was required to pay in 2005 when he sold some of the buildings. *Id.* ¶¶ 8-9.

## DISCUSSION

*Preliminary Injunction Standard*

Pursuant to Federal Rule of Civil Procedure 65(a), a preliminary injunction is appropriate if the movant shows "'(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Gold v. Feinberg*, 101 F.3d 796, 800 (2d Cir. 1996)(quoting *International Dairy Foods Ass'n v. Amestoy*, 92 F.3d 67, 70 (2d Cir. 1996)). A preliminary injunction "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005)(quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997)).

The "presumption of irreparable harm is inoperative if the [party] has delayed ... in moving for preliminary injunctive relief .... Though such delay may not warrant the denial of ultimate relief, it may, standing alone, preclude the granting of preliminary injunctive relief ... because the failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury". *Tough Traveler. Ltd. v. Outbound Products*, 60 F.3d 964, 968 (2d Cir. 1995)(internal quotation marks and citations omitted); *see also Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985)(delay of suit for nine months after receiving notice in the press, and 10 weeks after receiving actual notice, negated any presumption of irreparable harm).

Plaintiff is seeking a preliminary injunction nearly six years after the commencement of this action. The actions that plaintiff complains of have been known to him and ongoing since well before the filing of this action. Plaintiff has failed to provide any explanation as to why he did not seek a preliminary injunction in an expeditious manner. Given the inexcusable delay, plaintiff has failed to demonstrate that he will suffer irreparable harm in the absence of a preliminary injunction. Because plaintiff has failed to make a showing of irreparable

harm, I need not consider whether he has demonstrated a likelihood of success on the merits. Accordingly, based on the above findings of fact and conclusions of law, the motion for a preliminary injunction against the City is denied.

## Conclusion

For the reasons set forth above, plaintiff's motion for a preliminary injunction is denied. The Clerk is directed to transmit a copy of the within to all parties and to the assigned Magistrate Judge.

SO ORDERED.

Dated:    Brooklyn, NY
          May 22, 2008


By:    <u>/s/ Charles P. Sifton (electronically signed)</u>
          United States District Judge